UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TABETHA RUSS,

    Plaintiff,

vs.          Case No. 2:10-cv-452-FtM-29DNF

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant.
_____

**OPINION AND ORDER**

  This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #23), filed on September 13, 2011, recommending that the Commissioner's decision to deny Supplemental Security Income (SSI) benefits be affirmed. Plaintiff filed Objections (Doc. #24) on September 27, 2011.

  The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision

reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

In performing the required sequential evaluation process, the Administrative Law Judge (ALJ) found that plaintiff had not engaged in substantial gainful activity since October 30, 2006 (Step 1); had severe impairments of status post fixation of left femur, bipolar disorder, and schizo affective disorder (Step 2); did not have an impairment or combination of impairments that met or medically equaled a listed impairment (Step 3); and had the residual functional capacity (RFC) to perform a minimally reduced range of light work, and was capable of performing past relevant work as a small product assembly worker (Step 4). Based on these findings, and the testimony of a vocational expert, the ALJ found that plaintiff could perform work which actually existed in the economy (Step 5). The Report and Recommendation found that the ALJ's determination of plaintiff's residual functional capacity was

supported by substantial evidence, and that the ALJ properly evaluated plaintiff's subjective complaints of symptoms, including pain, as well as her credibility.

In her objections, plaintiff argues that the ALJ's determination of her RFC is not supported by substantial evidence because the ALJ failed to properly evaluate the medical opinions according to the regulations as set forth at 20 C.F.R. § 416.927(d). As to her psychological impairments, plaintiff argues that Dr. Cynthia McDanal's opinion should have received greater weight since she was the only doctor who personally examined and interviewed plaintiff. Additionally, plaintiff argues that Dr. Larry Benowitz, the medical expert who testified before the ALJ, seemed uncomfortable testifying as to plaintiff's psychological condition and was reluctant to render an opinion because of plaintiff's lack of continued treatment.

The ALJ found Dr. McDanal's opinion, who evaluated plaintiff in 2007, to be inconsistent with other medical evidence in the record, including past psychiatric treatment and plaintiff's own report and testimony. (Tr. 15-16.) The ALJ gave greater weight to the opinions of Dr. Benovitz regarding plaintiff's impairments because those opinions were supported by objective clinical findings and treating progress notes in the record. (Tr. 17.) The opinion was also supported by the findings and recommendations of the State agency psychological consultants. (Tr. 18.) The ALJ

-3-

found that the residual functional capacity assessment was further supported because plaintiff had not received any psychiatric treatment since the alleged onset date and had "not experienced any episodes, hospitalizations, or otherwise." (Id.) The Court finds no "reluctance" by Dr. Benowitz, but rather that he found it "baffling" that plaintiff was not continuing to receive treatment if she had problems that deserve treatment, but there was no record of such treatment. (Tr. 57-58.) Plaintiff did not request an additional consultative examination, and her request in the objections is untimely and does not justify a remand.

As to her physical impairments, plaintiff argues that the ALJ improperly discounted the opinions of Dr. Wilson, and that the ALJ failed to properly evaluate plaintiff's pain and credibility. The Court disagrees, and finds that the record reflects the ALJ's compliance with the legal requirements and substantial support for the ALJ's findings. After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #23) is accepted and **adopted** by the Court.

2. The Decision of the Commissioner of Social Security is **affirmed**.

3. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this  5th  day of October, 2011.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record